UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAMON ANTONIO PAREDES OSORIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00525-MPB-MKK |
| | ) | |
| BRANDON CROWLEY in his official capacity as | ) | |
| Jail Commander for the Clay County Detention | ) | |
| Center, | ) | |
| BRISON SWEARINGEN in his official capacity | ) | |
| as Warden, Clay County Justice Center, | ) | |
| SAMUEL OLSON in his official capacity as Field | ) | |
| Office Director, Chicago Field Office, U.S. | ) | |
| Immigration and Customs Enforcement, | ) | |
| DAVID VENTURELLA in his official capacity as | ) | |
| Acting Director of Immigration and Customs | ) | |
| Enforcement, | ) | |
| MARKWAYNE MULLIN in his official capacity | ) | |
| as Secretary of Homeland Security, | ) | |
| TODD BLANCHE in his official capacity as | ) | |
| Acting U.S. Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |

**Order to Show Cause**

The Court, having considered the above action and the matters which are pending, makes

the following rulings:

1.     To promote efficient briefing of this action, the petitioner is encouraged to provide

a courtesy copy of the petition and any exhibits, along with a copy of this Order to the following:

> Shelese Woods, Assistant U.S. Attorney (shelese.woods@usdoj.gov)
> Liberty L. Roberts, Church Church Hittle & Antrim, (lroberts@cchalaw.com)

These individuals **may** be willing to waive formal service under Rule 4 of the Federal Rules of

Civil Procedure on behalf of their client.

1

2.      If counsel noted in step 1 does not agree to waive service, the petitioner is directed to serve a copy of the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the respondents consistent with Rule 4. Along with the Petition and any exhibits, service must also include a copy of this Order.

3.      The respondents will have **seven days** from the date service is made or waived, to answer the allegations of the habeas petition and **show cause** why the relief sought by the petitioner should not be granted. The petitioner will have **four days after service of the answer** to reply.

4.      The weight of authority supports Petitioner's position—that ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b), so Petitioner is at minimum entitled to a bond hearing and not subject to mandatory detention. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."); *see also, e.g.*, *Lopez-Campos v. Raycraft*, 175 F.4th 713  (6th Cir. 2026); *Hernandez Alvarez v. Warden*, 175 F.4th  1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026) ("The government claims that mandatory detention must continue regardless of how long removal proceedings take—even if the noncitizen poses no danger to the community or risk of flight. . . . That is not what the law says. Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); *Gonzalez Robles v. Olson*, No. 2:26-cv-00295-JPH-MG, dkt. 11,

at *5–6 (S.D. Ind. May 14, 2026) (collecting decisions of this Court). In their response, the respondents must explain why this Court should reach a different result here.

5.      The respondents shall not transfer Petitioner outside the jurisdiction of the United States or transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin during the pendency of this habeas petition. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) (citing 28 U.S.C. § 1651(a) ("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter."*); United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.").

**IT IS SO ORDERED.**

Dated:  July 24, 2026

_____
Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

3