UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAMON ANTONIO PAREDES OSORIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00525-MPB-MKK |
| | ) | |
| BRANDON CROWLEY, | ) | |
| BRISON SWEARINGEN, | ) | |
| SAMUEL OLSON, | ) | |
| DAVID VENTURELLA, | ) | |
| MARKWAYNE MULLIN, | ) | |
| TODD BLANCHE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Ramon Antonio Paredes Osorio is a noncitizen who was arrested by U.S. Immigration and

Customs Enforcement ("ICE") officials on July 22, 2026, and is detained at the Clay County Jail

in Brazil, Indiana. Among other claims, he alleges that his detention is unlawful because he has

been denied the opportunity for a bond hearing under 8 U.S.C. § 1226(a). Mr. Paredes Osorio now

petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from

custody or a bond hearing. Dkt. 1 at 23–24.

For the reasons explained below, the Court grants the petition and orders Respondents to

either afford Mr. Paredes Osorio an individualized bond hearing or release him from custody, under

reasonable conditions of supervision.

## I.    Background

Mr. Paredes Osorio is a Venezuelan citizen who entered the United States in 2022. Dkt. 1

at 14. ICE officials arrested him on July 22, 2026, pursuant to an I-200 administrative warrant and

issued him a Notice to Appear. Dkt. 7-1 at 1, 10.

1

The Notice to Appear charges Mr. Paredes Osorio with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as not possessing required documentation. *Id.* at 4. The "arriving alien" checkbox is unmarked. *Id.* at 1.

Mr. Paredes Osorio does not indicate whether he has moved for or been given a custody re-determination hearing, but he argues that exhaustion of his administrative remedies is not required. Dkt. 1 at 8.

## II.    Discussion

Mr. Paredes Osorio claims that his current detention violates the INA because he has been unlawfully denied the opportunity for a bond hearing. Dkt. 1 at 10. He also claims that his detention violates applicable bond regulations and is unlawful under the Due Process Clause of the Fifth Amendment, *id.* at 16–23.

Respondents initially argued that Mr. Paredes Osorio was mandatorily detained without consideration of bond pursuant to 8 U.S.C. § 1225(b)(2)(A). However, on July 30, 2026, the Seventh Circuit decided *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026). In *Cirrus Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Mr. Paredes Osorio who have entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

The respondents now "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that it "resolves the case and controversy of this" habeas action, and that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . . and Petitioner is entitled to a custody redetermination

hearing." Dkt. 8 at 1. Thus, it is undisputed that Mr. Paredes Osorio is entitled to habeas relief insofar as he is eligible for a bond hearing.

### III.    Scope of Relief

Mr. Paredes Osorio requests immediate release from custody or, alternatively, a bond hearing. Dkt. 1 at 23–24. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Paredes Osorio's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

Because the Court has found that Mr. Paredes Osorio's detention violates the INA, it need not reach his claims regarding bond regulations and the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

For related reasons, the Court also does not reach Mr. Paredes Osorio's argument that, if his relief is limited to a bond hearing, the Court must place specific constraints on the immigration judge's decision-making. Dkt. 1 at 24. The Seventh Circuit has not issued a decision on the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison.[1] Section 1226 is silent as to the burden

---

[1] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of

of proof, so Mr. Paredes Osorio's argument must be purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Paredes Osorio's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

Finally, the respondents ask the Court to dismiss this action and direct the petitioner to request a bond hearing. In previous cases on the §§ 1225-1226 issue, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See, e.g.*, *Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, 2025 WL 3171175, *2 (S.D. Ind. Nov. 13, 2025). Given that the government has only changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court will not impose an exhaustion requirement now and will instead order the respondents to schedule a bond hearing or release Mr. Paredes Osorio.

IV.    **Conclusion**

The Court grants the petition to the extent that **no later ten days from the date of this order**, Respondents must either: (1) provide Mr. Paredes Osorio with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Paredes Osorio from custody, under reasonable conditions of supervision.

---

proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times.").

Respondents must file documentation certifying that they have either provided Mr. Paredes Osorio with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Paredes Osorio's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Dated: August 6, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel