UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

RAMON ANTONIO PAREDES OSORIO,
Petitioner,
v.
BRANDON CROWLEY,
BRISON SWEARINGEN,
SAMUEL OLSON,
DAVID VENTURELLA,
MARKWAYNE MULLIN,
TODD BLANCHE,
Respondents.

No. 2:26-cv-00525-MPB-MKK

**ORDER DENYING MOTION TO ENFORCE RULING**

The Court granted Ramon Antonio Paredes Osorio's petition for a writ of habeas and ordered the respondents to either afford him a bond hearing or release him from detention. Dkt. 11. Respondents chose the former option, and Immigration Judge Jaime Poarch granted Mr. Paredes Osorio's bond request on August 14, 2026, ordering that he be released on a $3,000 bond. Dkt. 14-1.

Nevertheless, Mr. Paredes Osorio now contends that the respondents have violated this Court's ruling on his habeas petition. Dkt. 14. U.S. Immigration and Customs Enforcement (ICE) directed Mr. Paredes Osorio to appear at a field office following his release. Dkt. 14-2. He states that he was fitted with an ankle monitor and is subject to potential curfew and geographic limitations. Dkt. 14 at 2; *see also* dkt. 14-4 (photograph of ankle monitor). He argues that the Court gave Respondents the choice between releasing him under reasonable conditions of their choice or following the immigration judge's decision after a § 1226(a) hearing. Dkt. 14 at 3. Mr. Paredes Osorio argues that subjecting him to additional limitations beyond the bond in the Immigration

Judge's order is noncompliant both with that order and this Court's order granting the habeas petition. *Id.* at 2–3.

The respondents have not opposed Mr. Paredes Osorio's motion. Still, the issue before the Court is not complicated. The Court granted Mr. Paredes Osorio's petition, the respondents performed the obligations the Court imposed on them, and there is no basis to find that the respondents have otherwise violated the Court's order.

The Court ruled that Mr. Paredes Osorio was eligible for consideration of discretionary release under 8 U.S.C. § 1226(a) and ordered the respondents to either (1) afford him a bond hearing, or (2) release him from detention. The respondents gave Mr. Paredes Osorio a bond hearing. That is the end of the story as far as compliance with this Court's order is concerned.

Mr. Paredes Osorio argues that the respondents violated the Court's order by imposing a constraint on his liberty that was not included in the immigration judge's bond order. But the Court ordered the respondents only to afford Mr. Paredes Osorio a bond hearing or release him. The Court did not dictate that ICE may never again take any action against Mr. Paredes Osorio unless expressly authorized through the immigration judge's bond order. Such an order would far exceed the scope of the habeas petition, which was simply to determine whether, at the time of the petition, Mr. Paredes Osorio was "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

If Mr. Paredes Osorio believes that ICE has violated *the law* by subjecting him to ankle monitoring, a curfew, or geographic limitations, he is free to bring an appropriate legal challenge. But he cannot obtain relief in this habeas action on grounds that ankle monitoring violates this Court's order.

Mr. Paredes Osorio's motion to enforce the Court's previous ruling, dkt. [14], is **denied**. This case will remain closed.

**IT IS SO ORDERED.**

Dated: October 20, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel